UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CLIFFORD D. JACKSON, III, ) | CASE NO. 1:16CV2072 |
| ) | |
| Petitioner, ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| v. ) | Magistrate Judge George J. Limbert |
| ) | |
| ALAN LAZAROFF, Warden, ) | |
| ) | INTERIM REPORT AND |
| Respondent. ) | RECOMMENDATION OF |
| ) | MAGISTRATE JUDGE |
| ) | |

This matter is before the undersigned on motions filed by Petitioner Clifford D. Jackson, III ("Petitioner"). This Interim Report and Recommendation addresses the following motions filed by Petitioner:

1. ECF Dkt. #9 - "Civil Contempt of Court's Order/Motion for Summary Judgment on the Pleading"

2. ECF Dkt. #11 - "Motion for Default Judgement Demand Hearing"

3. ECF Dkt. #13 - "Notice Affidavit of Truth, Motion; To dismiss With Extreme Prejudice. Administrative Notice;"

4. ECF Dkt. #19 - "Motion: Proceed To Judgement Hearing Requested"

5. ECF Dkt. #21 - "Motion: Proceed To Judgement. Administrative Notice, And/or Judicial Notice" [sic]

Each of Petitioner's motions will be addressed in turn.

## A. PROCEDURAL HISTORY

Petitioner filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus on August 10, 2016.[1] ECF Dkt. #1. On January 27, 2017, Respondent Alan Lazaroff, Warden of Mansfield Correctional Institution ("Respondent"), filed a return of writ. ECF Dkt. #16. Petitioner filed two motions for extension of time to file a traverse, both of which were granted. ECF Dkt. #17;

---

[1] The filing date for a petition from an incarcerated *pro se* petitioner is the date the petition was handed over to the prison mail system, not the date it was received and docketed by the federal habeas court. *Houston v. Lack*, 487 U.S. 266, 270-72 (1988).

ECF Dkt. #24. Accordingly, Petitioner's traverse is due July 27, 2017. Since filing his habeas petition, Petitioner has filed twelve motions seeking release from custody and/or monetary damages. Five of Petitioner's twelve motions are addressed in this Interim Report and Recommendation. The seven additional motions are addressed in the Order filed contemporaneously with the instant Interim Report and Recommendation.

**B.      MOTION FOR SUMMARY JUDGMENT (ECF Dkt. #9)**

On November 14, 2016, Petitioner filed a motion titled "Civil Contempt of Court's Order/Motion For Summary Judgment on the Pleading." ECF Dkt. #9. Respondent did not file a response. In his motion, Petitioner asserts that on August 8, 2016, he filed his habeas petition and, on that same day, the Court issued an Order directing Respondent to file an answer within sixty days.[2] *Id.* at 1. According to Petitioner, Respondent failed to comply with the Court's order directing him to file an answer within sixty days.

Despite, Petitioner's assertions, Respondent did not fail to comply with the Court's order dictating when an answer was due. Petitioner is incorrect when stating that the Court ordered Respondent to file an answer within sixty days of August 8, 2016. The Court issued an Order on August 30, 2016, ordering Respondent to file an answer to Petitioner's habeas petition within sixty days. ECF Dkt. #6. Respondent filed a motion for extension of time until December 23, 2016, to file an answer or return of writ, which was granted on October 27, 2016, and a second motion for an extension of time until January 27, 2017, to file an answer or return of writ, which was granted on December 20, 2016. ECF Dkt. #7; ECF Dkt. #10. Respondent filed a return of writ on January 27, 2017, thus complying with all deadlines imposed by this Court.

Moreover, Petitioner's "Civil Contempt of Court's Order/Motion For Summary Judgment on the Pleading" is more properly construed as a motion for default judgment as Petitioner is essentially claiming that Respondent failed to respond to his habeas petition. *See* Fed. R. Civ. P. 55(a). Default judgments are not available in federal habeas corpus cases as the

---

[2]Plaintiff's habeas petition was actually filed on August 10, 2016. ECF Dkt. #1 at 13; *see* n.1, *supra* at 2.

writ of habeas corpus does not extend to a prisoner unless he is in custody in violation of the Constitution or laws or treatises of the United States. *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970), *superceded on other grounds by statute as stated in, Cobb v. Perini*, 832 F.2d 342 (6th Cir. 1987); *Field v. Turner*, No. 1:13CV1415 (N.D. Ohio July 15, 2014). Accordingly, the undersigned RECOMMENDS that the Court DENY Petitioner's motion titled "Civil Contempt of Court's Order/Motion For Summary Judgment on the Pleading" (ECF Dkt. #9).

**C.     MOTION FOR DEFAULT JUDGMENT (ECF Dkt. #11)**

Petitioner filed a motion titled "Motion, For Default Judgement, Demand Hearing" on December 30, 2016. ECF Dkt. #11. Respondent did not file a response. In his motion, Petitioner again asserts that Respondent failed to comply with the Court's Order regarding the filing of an answer or return of writ. *Id.* at 1-3. As discussed above, Respondent filed a return of writ on January 27, 2017, thus complying with all deadlines imposed by this Court. Further, as stated above, default judgments are not available in federal habeas corpus cases. Accordingly, Petitioner has failed to show that he is entitled to default judgment or that a hearing on this matter is necessary. For these reasons, the undersigned RECOMMENDS that the Court DENY Petitioner's motion titled "Motion, For Default Judgement, Demand Hearing" (ECF Dkt. #11).

**D.     MOTION TO DISMISS (ECF Dkt. #13)**

On January 17, 2017, Petitioner filed a motion titled "Notice Affidavit of Truth, Motion: To dismiss With Extreme Prejudice. Administrative Notice;." ECF Dkt. #13. Respondent did not file a reply. In his motion, Petitioner presents a sovereign citizen argument, stating that he does not recognize any judges, prosecutors, or clerks.[3] *See id.* at 2-3. The sovereign citizen argument has been completely and repeatedly rejected by federal courts around the nation. *See United States v. McCaskill*, 48 Fed.Appx. 961 (6th Cir. 2002); *United States v. Sloan*, 939 F.2d

---

[3]On January 17, 2017, Petitioner filed a document titled "Affidavit of Status of Clifford-douglas of the Family Jackson, Declaration of Status: Under Mandatory Administrative Notice." ECF Dkt. #12. While Petitioner attempts to somehow circumvent the authority of the Court in each motion that he has filed, perhaps his most clear recitation of his attempt to argue that he is what is known as a sovereign citizen is contained in this document. Despite his efforts, Petitioner's repeated attempts to argue that he is not under this Court's jurisdiction are unconvincing.

499 (7th Cir. 1991); *Payne v. Kilda*, No. 15-cv-14127, 2016 WL 491847 (E.D. Mich. Jan. 6, 2016); *Bey v. Butzbaugh*, No. 1:13-CV-1173, 2014 WL 5149931 (W.D. Mich. Oct. 14, 2014); *Dubose v. Kasich*, No. 1:11-CV-00071 (S.D. Ohio Jan. 15, 2013). As Petitioner's motion is based entirely on an argument that has been completely and repeatedly rejected by federal courts, the undersigned RECOMMENDS that the Court DENY Petitioner's "Notice Affidavit of Truth, Motion: To dismiss With Extreme Prejudice. Administrative Notice;" (ECF Dkt. #13).

**E.     MOTIONS TO PROCEED TO JUDGMENT (ECF Dkt. #19, ECF Dkt. #21)**

On February 21, 2017, Petitioner filed a motion titled "Motion: Proceed to Judgement Hearing Requested,." ECF Dkt. #19. Petitioner also filed a motion titled "Motion: To Proceed to Judgment. Administrative Notice, And/or Judicial Notice" on March 27, 2017. ECF Dkt. #21. On March 28, 2017, Respondent filed a response to the motion filed on March 27, 2017, stating that both motions should be construed as motions for default judgment and immediate release. ECF Dkt. #22 at 1. Petitioner filed a reply on April 17, 2017. ECF Dkt. #23.

In both motions, Petitioner continues to espouse his sovereign citizen rhetoric, none of which carries any legal authority, as discussed above. *See* ECF Dkt. #19; ECF Dkt. #21. Petitioner cites Fed. R. Civ. P. 55 in his motion filed on February 21, 2017, stating, in relevant part:

> Petitioner, Principal Beneficiary moves this honorable Court through trustees, in this Motion to Proceed to Judgment on Granting the Petitioner, Principal Beneficiary Clifford-douglas.JacksonIII, Remedy and Relief, hereinafter to wit; Trustees to discharge, settle, and close all accounts/cases and related instruments to date of inception and Release Beneficiary From any and all forms of bondage caused by such bonds, warrants, securities, hypotherations and Related instruments within Seven (7) days of Receipt of this Appointment as Trustees, motion for Proceed to Judgement, Pursuant to the Default Judgement filed in this Case in violation of Civ. R. 55. Among other issues raised why this motion shall be granted. [sic]

ECF Dkt. #19 at 4. While much of Plaintiff's motion consists of jargon he apparently believes should lead to his release, it is clear that the motion filed on February 21, 2017, should be construed as a motion for default judgment as Petitioner relies, at least in part, on Fed. R. Civ. P. 55.

Petitioner filed the February 21, 2017, motion as a motion to proceed to judgment. ECF Dkt. #19 at 1. The March 27, 2017, motion was also filed as a motion to proceed to judgment. ECF Dkt. #21 at 1. In both motions Petitioner seeks his immediate release from custody. ECF Dkt. #19 at 4; ECF Dkt. #21 at 9. Accordingly, both motions are properly construed as motions for default judgment. As discussed above, default judgments are not available in federal habeas corpus cases. Petitioner has failed to show that he is entitled to default judgment or that a hearing on this matter is necessary. For these reasons, the undersigned RECOMMENDS that the Court DENY Petitioner's "Motion: Proceed to Judgement Hearing Requested," (ECF Dkt. #19), and "Motion: To Proceed to Judgment. Administrative Notice, And/or Judicial Notice" (ECF Dkt. #21).

**F.      CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the undersigned RECOMMENDS that the Court DENY the following motions: "Civil Contempt of Court's Order/Motion For Summary Judgment on the Pleading" (ECF Dkt. #9); "Motion, For Default Judgement, Demand Hearing" (ECF Dkt. #11); "Notice Affidavit of Truth, Motion: To dismiss With Extreme Prejudice. Administrative Notice;" (ECF Dkt. #13); "Motion: Proceed to Judgement Hearing Requested," (ECF Dkt. #19); and "Motion: To Proceed to Judgment. Administrative Notice, And/or Judicial Notice" (ECF Dkt. #21).

DATE:   June 13, 2017              */s/ George J. Limbert*
                                   GEORGE J. LIMBERT
                                   UNITED STATES MAGISTRATE JUDGE

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).