UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CLIFFORD D JACKSON, III, *Pro Se*, | ) | Case No.: 1:16 CV 2072 |
|     Petitioner | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| ALAN LAZAROFF, | ) | |
|     Respondent | ) | <u>ORDER</u> |

Currently pending before the court are *Pro Se* Petitioner Clifford D Jackson, III's ("Jackson") "Civil Contempt of Court's Order/Motion for Summary Judgment on the Pleading" ("Motion for Summary Judgment") (ECF No. 9), "Motion for Default Judgment Demand Hearing" ("Motion for Default Judgment") (ECF No. 11), "Notice Affidavit of Truth, Motion; To Dismiss with Extreme Prejudice. Administrative Notice" ("Motion to Dismiss") (ECF No. 13), and "Motion: Proceed to Judgment Hearing Requested" and "Motion: Proceed to Judgment. Administrative Notice, And/or Judicial Notice" (collectively, "Motions to Proceed to Judgment") (ECF Nos. 19, 21).

The court referred this case to Magistrate Judge George J. Limbert, under Local Rule 72.2, for preparation of an R&R. On June 13, 2017, Judge Limbert submitted an Interim R&R, recommending that the court deny each of Jackson's motions. (Interim R&R 2–5, ECF No. 28.)

On November 14, 2016, Jackson filed his Motion for Summary Judgment, arguing that Respondent Alan Lazaroff ("Lazaroff") failed to comply with the court's Order directing him to file an answer or return of writ to Jackson's 28 U.S.C. § 2254 Petition ("Petition") (ECF No. 1) within sixty days. (Mot. Summ. J. 1–2, ECF No. 9.) Jackson requests that the court grant his Petition on

this basis. (*Id.*) Judge Limbert recommended that the court deny this Motion for two reasons. (Interim R&R 2–3.) First, Lazaroff's Return of Writ (ECF No. 16) was timely filed on January 27, 2017, after the court twice granted him extensions of time. (Order non-document, 10/31/2016; Order non-document, 12/20/2016.) Second, Judge Limbert construed Jackson's Motion for Summary Judgment as a Motion for Default Judgment and explained that default judgments are not available in federal habeas corpus cases. (Interim R&R 2–3.)

On December 30, 2016, Jackson filed his Motion for Default Judgment, in which he again asserts that Lazaroff failed to comply with the court's Order directing him to file an answer or return of writ within 60 days. (Mot. Default J. 1–3.) Jackson requests that the court grant his Petition and that he be given an evidentiary hearing on his claims. (*Id.* at 3.) Judge Limbert reasoned that, as with Jackson's Motion for Summary Judgment, Lazaroff's Return of Writ was timely and that default judgments are not available in federal habeas corpus cases. (Interim R&R 3.) Judge Limbert further stated that Jackson did not make any showing that a hearing on this matter is necessary. (*Id.*)

On January 17, 2017, Jackson filed his Motion to Dismiss, in which he asserts that he does not recognize the authority of any judges, prosecutors, or clerks. (Mot. Dismiss 1–3.) In his Interim R&R, Judge Limbert explained that the Sixth Circuit, along with other federal courts, have "completely and repeatedly rejected" such a "sovereign citizen argument." (Interim R&R 3–4 (citing *United States v. McCaskill*, 48 F. App'x 961 (6th Cir. 2002).)

On February 21, 2017, and later on March 27, 2017, Jackson filed his Motions to Proceed to Judgment. In these Motions, Jackson cites Rule 55 of the Federal Rules of Civil Procedure, which governs default judgments, and asserts that he should be immediately released. Judge Limbert reasoned, again, that default judgments are not available in federal court. (Interim R&R 5.)

On July 3, 2017, Jackson filed an Objection to the Interim R&R. (Obj., ECF No. 29.) In his Objection, he argued primarily that he is entitled to summary judgment under Rules 56(a) and 56(c) and that he is entitled to an evidentiary hearing.

The court has carefully reviewed Judge Limbert's Interim R&R *de novo*, as well as Jackson's Objection and all other relevant documents in the record. The court finds that Judge Limbert's recommendations are well taken and that the arguments made in the Objection do not establish that Jackson is entitled to summary judgment or that a hearing on his Motions is necessary. *See Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004) ("Generally, the failure to file specific objections to a magistrate's report constitutes waiver of those objections."). Thus, the court adopts as its own Judge Limbert's Interim R&R for the reasons stated in the Interim R&R. (ECF No. 28.) The court hereby denies Jackson's Motion for Summary Judgment (ECF No. 9), Motion for Default Judgment (ECF No. 11), Motion to Dismiss (ECF No. 13), and Motions to Proceed to Judgment (ECF Nos. 19, 21).

IT IS SO ORDERED.

/S/ SOLOMON OLIVER, JR.
UNITED STATES DISTRICT JUDGE

July 19, 2017